UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KEVIN CHADWICK, | |
| Petitioner, | |
| v. | CAUSE NO. 3:20-CV-777-MGG |
| WARDEN, | |
| Respondent. | |

OPINION AND ORDER

Kevin Chadwick, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (MCF-20-5-556) at the Miami Correctional Facility in which a disciplinary hearing officer (DHO) found him guilty of theft in violation of Indiana Department of Correction Offense 215. Following a disciplinary hearing, he was sanctioned with a loss of thirty days earned credit time and a demotion in credit class.

Chadwick argues that he is entitled to habeas relief because the hearing officer did not have sufficient evidence to support a finding of guilt for the charge of theft. He maintains that the administrative record contained only enough evidence to support a finding of guilt of a lesser offense, the possession of altered property.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000). The administrative record includes a conduct report in which a correctional officer represents that, during a search, he found five pieces of fabric sowed into the shape of pocket and a spool of thread and that Chadwick was not authorized to take these items from his work area. ECF 11-1. It also includes photographs of these items. ECF 11-4. The conduct report and the photographs constitute some evidence that Chadwick committed the offense of theft. The administrative record also includes statements from two other inmates that they did not see a spool of thread during the search (ECF 11-10), but the hearing officer was not required to credit these statements over the conduct report. Therefore, the claim that the hearing officer lacked sufficient evidence for a finding of guilt is not a basis for habeas relief.

Chadwick argues that he is entitled to habeas relief because correctional staff did not photograph the five pieces of cloth individually or with a camera rather than a copy machine as required by departmental policy. The obligation to produce evidence in a particular manner is not listed among the requirements for procedural due process for prison disciplinary proceedings enumerated in *Wolff v. McDonnell*, 418 U.S. 539 (1974), and the Supreme Court of the United States has indicated that this list of requirements is exhaustive. *White v. Indiana Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001) (citing *Baxter v. Palmigiano*, 425 U.S. 308, 324 (1976)). Additionally, the failure to follow departmental policy alone does not rise to the level of a constitutional violation. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("state-law violations provide no basis for federal habeas relief"); *Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (finding that inmate's claim that

prison failed to follow internal policies had "no bearing on his right to due process"). Therefore, this claim is not a basis for habeas relief.

Chadwick argues that he is entitled to habeas relief because the hearing officer denied his request for a statement from his work supervisor. "[T]he inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence." *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). However, "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements or to compile other documentary evidence." *Id.*

According to Chadwick, the hearing officer granted his request for a continuance to obtain the witness statements of two inmates and his work supervisor. While he received statements from the two inmates, he did not receive a statement from the work supervisor. At the hearing, the hearing officer provided no explanation for this omission and declined to grant a second continuance. Chadwick asserts that the work supervisor would have supported his defense that he had permission to use the machines at his workplace to sow a pocket from fabric purchased from the commissary. In response, the Warden provided an affidavit from the hearing officer stating that Chadwick did not request a statement from the supervisor either before or during the hearing and that, if he had, she would have obtained the statement.[1]

---

[1] The Warden also argues that the request for evidence was untimely. The hearing officer may have been entitled to denial the request as untimely, but, according to the affidavit, she attests that she

3

Therefore, the court finds a genuine dispute of material fact exists regarding whether Chadwick asked the hearing officer for a statement from his work supervisor. In doing so, the court has considered whether the denial of this request constitutes harmless error in light of the fact that the requested statement would not have affected the allegation that he stole the spool of thread, which was sufficient on its own to support a finding of theft. However, the court cannot conclude that the requested statement would not have affected the severity of the sanctions given that the hearing officer considered the seriousness of the offense with respect to sanctions. ECF 11-8. In other words, the hearing officer may have reasonably considered the theft of fewer items to be a less serious offense, which may have resulted in lesser sanctions, so the court cannot conclude that the denial of the request constitutes harmless error.

Consequently, the court must conduct an evidentiary hearing to determine whether Chadwick asked the hearing officer to obtain a statement from his work supervisor. In preparation for that hearing, the court ORDERS the Chadwick and the Warden to separately prepare and file brief status reports, by **November 22, 2021**. The status reports must not exceed five pages (unless greater length is unavoidable) and must address: (1) what genuine issues of fact exist; (2) what discovery might be necessary, how it relates to the issues, and how long it would take to complete; (3) what witnesses and exhibits each party proposes to call or introduce; (4) how much time the

---

would granted the request even if it was presented on the day of the hearing. Further, departmental procedure expressly allows hearing officers to grant requests for witnesses during the hearing. Indiana Department of Correction, Disciplinary Code for Adult Offender, No. 02-04-101 at 30 (eff. March 1, 2020), available at https://www.in.gov/idoc/files/02-04-101-ADP-3-1-2020.pdf.

evidentiary hearing is expected to require; and (5) what motions have been or are expected to be filed before the evidentiary hearing.

    SO ORDERED on October 6, 2021

                                              s/ Michael G. Gotsch, Sr.
                                              Michael G. Gotsch, Sr.
                                              United States Magistrate Judge